(*Probate Court of Cook County.*)

## In re Estate of James Long, Deceased.

### (1879.)

1. MARRIAGE SETTLEMENT—REAL ESTATE—LIMITATIONS TO HEIRS OF BODY OF CONTRACTING PARTIES, ETC.—EFFECT IN EQUITY. It is a fundamental principal of the law of marriage settlements that if the real estate of the husband or wife is limited to the heirs of the body or to the issue of the contracting parties, or

either of them, or to the issue of their body, or to the issue and their heirs, equity will not take the words in their legal sense, but will limit the estate to the parents for life and the children will take at the death of their parent or parents as purchasers.

2. SAME—Marriage settlements in which the provision for the issue of the marriage, heirs of the body or the issue of the contracting parties, or either of them, or to the issue and their heirs is wanting, form no exception to the general rule and the parents can defeat the estate of the children.

3. RULE IN SHELLEY'S CASE—DEFINED. When a person takes an estate of freehold legally or equitably under a deed, will or other writing and in the same instrument, there is a limitation by way of remainder, either with or without the interposition of another estate of an interest of the same legal or equitable quality to the heir or heirs of his body as a class of persons to take the succession from generation to generation the limitation to the heirs entitles the ancestor to the whole estate.

4. TRUSTS—REAL ESTATE—DECLARATION TO A'S HEIRS SUBJECT TO OCCUPANCY DURING JOINT LIFE OF A AND WIFE AND THE SURVIVOR—EFFECT. Where a trust in land is declared for the use and occupation of A and his wife during their natural lives; for the wife during life if she survived A; for A and his heirs in case he survived; and after her death, in case she survived A, to such persons as he should by will appoint, A takes a fee simple estate encumbered only by the life estate of his wife.

Application by administrator for order to sell land to pay debts. The facts are stated in the opinion. Heard before Judge Knickerbocker.

*C. A. Burley,* for administrator.

*Beam & Cooke,* for A. H. Fisburn, a judgment creditor.

*Van H. Higgins,* in opposition to petition.

*Barker, Buell & Barber,* for heirs.

KNICKERBOCKER, J.:—

On September 23rd, 1874, James Long was seized in fee simple of the title to lots 18 and 19, in block 2, in Hyde Park, in this county, and on that day he conveyed the same by warranty deed to one Emma C. Church, for an expressed consideration of $25,000. October 2, 1874, Emma C. Church executed her declaration in writing, reciting said conveyance to her from James Long, and stating in the declaration that

the consideration of Long's conveyance to her was a marriage contemplated soon to take effect between said James Long and herself, and for the purposes and upon the uses and trusts as in the instrument stated, which are substantially as follows, viz:

1. For the joint use and occupation by herself and said James Long, during their natural lives.

2. For her own use and occupation during her natural life, in case she survived said James Long.

3. In trust for said James Long, his heirs and assigns forever, in fee simple, after her decease, in case said James Long survived her.

4. In trust, in case she survived said James Long, and after her decease, for such persons and in such manner as said James Long might, by his last will and testament, direct and appoint, and in case said James Long should not, by his last will and testament, so direct and appoint, then, for the heirs at law of said James Long, after her decease.

On October 3d, 1874, marriage was solemnized between said James Long and Emma C. Church. James Long died intestate April 10, 1876, leaving him surviving Emma C. Long, his widow, and Francis M. Barker, Clara C. Wait, Eugene C. Long, James H. Long and John C. Long, his five children by a former marriage, his only heirs at law. The administrator of his estate has applied for an order to sell the land in question to pay debts, claiming that by the terms of said deed and declaration of trust, the heirs of said James Long take the title to said real estate by descent, encumbered by the life estate of said Emma C. Long, and charged with the payment of the debts of said Long, in case of a deficiency of personal estate.

The heirs of James Long insist that, at the time of his death, he was not seized of such claim or title to this land as can be sold or reached by the administrator, and that under the declaration of trust they take as purchasers and not by descent.

By this declaration of trust, no intention of providing for

the issue of the marriage between James Long and Emma C.
Church is expressed, nor can any be inferred; therefore this
case must stand on an entirely different footing from the
cases cited by the counsel for the heirs, in which provision
is made by way of marriage settlement for the issue of the
marriage.  It has long been recognized by the courts as a
fundamental principle of the law of marriage settlements,
·that if the real estate of the husband or the wife·is limited
to the heirs of the body or to the issue of the contracting par-
ties, or either of them, or to the issue of the body, or to the
issue and their heirs, so that the words and limitations taken
in their legal sense, would enable the parents or one of them
to defeat this provision for the children, equity will construe
the articles to mean that the estate is limited to the parents
for life, and the children will take at the decease of their
parent or parents as purchasers: Perry on Trusts, 361;
Lewin on Trusts, Am. Ed. side paging, 147; *Davies v. Da-
vies,* 4 Beav. 54; Preston on Estates, 398.

Marriage articles in which this provision for the issue of
the marriage, heirs of the body, or the issue of the contracting
parties, or either of them, or to the issue and their heirs, is
wanting, seem to form no exception to the ordinary rule of
construction: *Carroll v. Renich,* 7 Smedes & Marshall, 798;
*Tillinghast, et al. v. Coggeshall, et al.,* 7 R. I. 383.

Through her declaration of trust Emma C. Church declared
an estate of freehold in the land in question, for James Long
and herself, and the survivor of them, and gave an expressed
power to James Long to make disposition of the remainder
by his last will and testament, and in default of such disposi-
tion declared the remainder should pass to the heirs at law
of James Long.  Here is a life estate in James Long and
Emma C. Long, his wife, with remainder to the heirs at law
of James Long, with an expressed power to James Long to
defeat the descent of the remainder.

The rule in *Shelley's Case,* which has always been regarded,
not as a rule of interpretation, but as an inflexible rule of
property, and one of the most firmly established, and which
by the supreme court of this state was recognized as in force

here in the case of *Baker, et al. v. Scott*, 62 Ill. 86, and again recognized in *Butler v. Huestis, et al.*, 68 Ill. 594, although the facts in the last named case were not regarded by the court as justifying its application, seems to be entirely applicable to the case at bar.

The rule may be briefly stated as follows: "When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and afterward, in the same deed, will, or writing, there is a limitation by way of remainder, with, or without the interposition of any other estate, of an interest of the same quality, as legal or equitable, to his heirs generally, or the person or heirs of his body by that name in deeds or writings of conveyance and by that, or some such name in wills, and as a class or denomination of persons to take in succession from generation to generation, the limitation to the heirs will entitle the person or ancestor himself to the estate or interest imparted by that limitation." [1]

To quote an example from Williams on Real Property, 246, *et seq.:* "Thus let the estate have been given to A and his heirs, but with a vested estate to B for his own life, to take effect in possession next after the decease of A,—thus suspending the enjoyment of the lands by the heir of A, until after the determination of the life estate of B. In such a case it is evident that B would have had a vested estate for his life, in remainder, expectant on the decease of A; and the manner in which such remainder would have been limited would, as we have seen, have been to A for his life, and after his decease to B for his life. The only question then remaining would be as to the mode of expressing the rest of the intention,—namely, that, subject to B's life estate, A should have an estate in fee simple. * * * The heir, in this case, would not have taken any estate independently of his ancestor any more than in the common limitation to A and his heirs: the heir could have claimed the estate only by its descent from his ancestor, who had previously enjoyed it

---

[1] See Preston on Estates, quoted in *Baker v. Scott*, 62 Ill. 86, 90, 91.—Ed.

during his life; and the interposition of the estate of B would have merely postponed that enjoyment by the heir, which would otherwise have been immediate. But we have seen that the very circumstance of a man's having an estate which is to go to his heir will now give him a power of alienation either by deed or will, and enable him altogether to defeat his heir's expectations.　＊　＊　＊

"The example we have chosen, of an intermediate estate to B. for life, is founded on a principle evidently applicable to any number of intermediate estates, interposed between the enjoyment of the ancestor and that of his heir. Nor is it at all necessary that all these estates should be for life only; for some of them may be larger estates.　＊　＊　＊"

The court is of opinion that by the execution of the declaration of trust by Emma C. Church, James Long became seized of an estate in fee simple in the lots in question, encumbered by the life estate of Emma C. Long only; that the clause in the declaration purporting to give him power to devise said land added nothing to his already complete power to alienate said land, subject to said life estate of Emman C. Long.

It therefore follows that subject to said life estate, the lots in question are subject to sale by the administrator, to pay any deficiency of the personal estate of said James Long to pay his debts.

The order will be entered accordingly.